```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                            *
SAINT ANNES DEVELOPMENT
COMPANY, LLC, et al.,       *
                                    CIVIL NO.: WDQ-07-1056
     Plaintiffs,            *

        v.                  *

NEAL TRABICH, et al.,       *

     Defendants.            *

*    *    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Saint Annes Development Company, LLC ("SADC") sued the Trabiches and Coruzzis for fraud and breach of contract.

Pending is the Trabiches' and Coruzzis' Motion to Dismiss or Stay Proceedings, and their Motions to Extend Time to File an Answer. For the following reasons, the Trabiches' and Coruzzis' motion to dismiss or stay proceedings will be denied as moot, and their motions to extend time to file an answer will be denied.

V.   Background

On May 2, 2006, SADC entered a financing agreement with the Trabiches and Coruzzis for a real estate project. SADC agreed to arrange a credit facility with a third-party lender to enable the Trabiches and Coruzzis to borrow up to $1 million on a revolving line of credit. Compl. ¶ 15. To secure its obligations under the agreement, the Trabiches executed and delivered a mortgage to SADC on their residence and a promissory note. *Id.* ¶¶ 19-20.

1

In June 2006, the parties amended the agreement by modifying the consideration provisions of the May 2, 2006 agreement. Def.'s Supp. Mem. Ex. C. The agreements provided that disputes would be litigated in Maryland. *Id*.

On November 3, 2006, the Trabiches sued SADC, Wachovia Bank, N.A., and SADC's members in the Supreme Court of New York.[1] *Id*. Ex. D. They sought to declare unenforceable the May 2, 2006 agreement, the June 2006 amendment, the promissory note, and the mortgage. *Id*. Ex. D. On April 24, 2007, SADC sued the Trabiches and Coruzzis in the United States District Court for the District of Maryland for fraud and breach of contract. Paper No. 1.

VI. Analysis

    A.   Motion to Stay or Dismiss Proceedings

    1.   Standard of Review

A district court should not grant a stay or refuse jurisdiction in deference to concurrent state court proceedings absent exceptional circumstances. *McLaughlin v. United Va. Bank*, 955 F.2d 930, 934 (4th Cir. 1992); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Courts use the doctrine developed in *Colorado River* to establish whether such exceptional circumstances exist.

As a threshold matter, the court must first determine

---

[1] As of March 12, 2007, Wachovia Bank is no longer a party to the suit in New York. Def.'s Supp. Mem. at 4.

2

whether the federal case duplicates pending state proceedings. *McLaughlin*, 955 F.2d at 935. Thus, the court must determine if "substantially the same parties [are] litigat[ing] the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). If this test if satisfied, the court should consider several factors in determining whether abstention is appropriate. *McLaughlin*, 955 F.2d at 934. The court should consider: (1) whether the state court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Colo. River*, 424 U.S. at 818. "The factors should not be used as a checklist, but must be balanced with the facts in the case, heavily in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

2. Discussion

On August 16, 2007, the Supreme Court of New York dismissed the Trabiches suit for lack of subject matter jurisdiction. Trabich v. Rubin, No. 18132/06 (N.Y.Sup. Ct. Aug. 16, 2007). The New York court held that the forum clause controlled, thus any dispute arising under the 2006 agreement should be litigated in Maryland. Since a suit is no longer pending in state court, there is no forum conflict. Accordingly, the Trabiches' and

3

Coruzzis' motion to dismiss or stay the proceedings will be denied as moot.

    B.   Motion to Extend Time to File Answer

When a party files a motion to dismiss under Federal Rule of Civil Procedure 12(b), it alters the time when an answer should be filed. Fed. R. Civ. P. 12(a)(4). If the court denies the motion, the responsive pleading must be served within 10 days after notice of the court's action. Fed. R. Civ. P. 12(a)(4)(A). The Trabiches' and Coruzzis' motion to dismiss will be denied; thus, they have 10 days after notice of the Court's order to file an answer. Accordingly, their motions to extend time to file an answer will be denied.

VII. Conclusion

For the above reasons, the Trabiches' and Coruzzis' motion to dismiss or stay proceedings will be denied as moot, and their motions to extend time to file an answer will be denied.

____9/25/07_____        _____/s/_____
                                       William D. Quarles, Jr.
                                       United States District Judge