```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
SAINT ANNES DEVELOPMENT
COMPANY, LLC, et al.              *

       Plaintiffs,                *

            v.                    *    CIVIL NO.:  WDQ-07-1056

NEAL TRABICH, et al.              *

       Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Saint Annes Development Company, LLC ("SADC") and Aaron Young (collectively the "Plaintiffs") sued Neal and Terry Trabich and Ronald and Irene Coruzzi (collectively the "Defendants") for fraud and breach of contract. Adelberg, Rudow, Dorf & Hendler, LLC ("ARDH") represented Neal and Terry Trabich in this matter until March 20, 2009. Pending is ARDH's objection to the sanctions imposed in Judge Bredar's September 16, 2009 Letter Order.[1] For the following reasons, the Plaintiffs' objection will be overruled.

I. Background

On April 24, 2007, the Plaintiffs sued the Trabiches and Coruzzis for fraud and breach of contract. Paper No. 1. The Plaintiffs moved for summary judgment on their breach of

---

[1] ARDH has filed four objections raising the same arguments. *See* Paper Nos. 201, 202, 204, 208.

contract claim, and on May 21, 2008, the Court granted that motion.  Paper No. 86.

On June 19, 2008, the Plaintiffs deposed T. Trabich.  Paper No. 127 at Ex. 1 (Terry Trabich Dep. I, June 19, 2008).  During this deposition, ARDH attorneys[2] made numerous objections and instructed T. Trabich not to answer questions on the grounds of spousal privilege, attorney-client privilege, and relevancy.  *See, e.g., id.* 8:13-15; 167:23-168:2; 187:3-19; 259:9-266:8.  On February 9, 2009, Judge Bredar granted the Plaintiffs' motion to compel T. Trabich to respond in 46 assertions of spousal privilege, 10 assertions of attorney-client privilege, and two relevancy objections ("Compel Order").  Paper No. 147.[3]  Sanctions were not awarded.  *Id.* at 14.

On March 4, 2009, the Plaintiffs continued T. Trabich's deposition and she acknowledged that she had no basis for her previous claims of spousal privilege.  Paper No. 164 at Ex. 1 (Terry Trabich Dep. II, Mar. 4, 2009).  On June 2, 2009, Judge Bredar granted in part the Plaintiffs' renewed motion for attorneys' fees under Fed. R. Civ. P. 37(a)(5)(A), awarding

---

[2] Three ARDH attorneys were involved in T. Trabich's June 2008 deposition: two by phone--Andrew Radding and Gregory Kline--and David Applefeld appeared in person.  T. Trabich Dep. I 2:17-25.

[3] Judge Bredar denied the Plaintiffs' motion to compel a response to three questions on the basis of properly asserted attorney-client privilege.  Paper No. 147 at 14.

sanctions against T. Trabich for her wrongly asserted spousal privilege claims but held in abeyance a ruling on ARDH's liability pending clarification of a prior ruling by this Court ("Sanction Order").[4]  Paper No. 179.  On July 28, 2009, the Court clarified that the March 20, 2009 Order did not restrict Judge Bredar's review of the ARDH attorneys' conduct at T. Trabich's depositions.  Paper No. 185. Accordingly, Judge Bredar issued an Amended Order on September 23, 2009, granting sanctions against ARDH for Applefeld's improper advice to T. Trabich on the assertion of spousal privilege during her June 2008 deposition ("Amended Sanction Order").[5]  Paper No. 200.

On October 9, 2009, ARDH filed an objection to the Amended Sanction Order.  Paper No. 204.[6]  On October 19, 2009, Judge Bredar held ARDH and T. Trabich "equally responsible for payment" of $11,903.48 in sanctions for their misconduct during

---

[4]  On March 20, 2009, after a show-cause hearing, this Court found "no indication that Radding . . . [had] attempted to mislead the Court."  Paper No. 166 at 4.  Judge Bredar was uncertain "[w]hether that exoneration reache[d] the conduct of the three ARDH attorneys involved in [T. Trabich's] June 19, 2008[] deposition."  Paper No. 179 at 2.

[5]  Judge Bredar sanctioned Applefeld for "improperly advising [T. Trabich] on the assertion of [spousal] privilege because he did not limit it to confidential communications and failed to establish the factual basis for claiming it."  Paper No. 200 at 1.

[6]  On August 28 & 29, 2009, ARDH had filed identical objections.  Paper Nos. 201, 202.

T. Trabich's June 2008 deposition ("Award Order").[7]  Paper No. 207 at 1-2.  On October 23, 2009, ARDH filed an objection to that Award Order.  Paper No. 208.

II. Analysis

    A.    Standard of Review

Under Local Rule 301.5.a, "[a] District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a).  The district court reviews a magistrate judge's factual findings for clear error and conclusions of law *de novo*.  *Int'l Assoc. of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 485 (D. Md. 2005).

In applying the clearly erroneous standard, a district court should not determine whether the finding is the best or the only finding possible.  *Id*. at 486.  The Court should not "substitute its own conclusions for that of the magistrate judge;" instead, the Court should only determine whether the magistrate judge's findings are reasonable.  *Id*.  Indeed, "[i]t is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate

---

[7]  Judge Bredar only awarded sanctions for the claims of spousal privilege "[b]ecause at least a colorable argument was made regarding some claims of attorney-client privilege."  Paper No. 179 at 1.  ARDH has not challenged the amount of this award.

judge." *Buchanan v. Consol. Stores Corp.*, 206 F.R.D. 123 (D. Md. 2002).

The Court will review Judge Bredar's legal conclusion that sanctions were appropriate *de novo*, and the facts underlying that conclusion will be reviewed for clear error.

> B.   Objection to Judge Bredar's Award of Sanctions against ARDH

ARDH's objections admit that the spousal privilege was wrongly invoked by T. Trabich during her first deposition[8] but argue that the firm should not be held responsible for that misconduct because its attorneys had advised her when the spousal privilege applied and were unaware that she had invoked it improperly.  Paper No. 204 at 3, 5.  The Plaintiffs argue that ARDH was appropriately sanctioned for improperly advising T. Trabich on the assertion of the spousal privilege during the June 2008 deposition.  Paper No. 209 at 4-8.

---

[8] In ARDH's objection to the Amended Sanction Order, it admits that:
> [t]here is no question that when ordered to divulge the substance of the communications with her spouse that were at issue, [T. Trabich] repeatedly testified at her second deposition that there were no such communications between her and her husband.  Thus, there is no doubt that [T. Trabich] was either untruthful or mistaken during her first deposition, or that she was untruthful or mistaken during her second deposition.  In the first, she invoked the spousal privilege while in the second, she repeatedly changed her testimony and claimed that no spousal communications occurred.

Paper No. 204 at 5.

When the Court grants a motion to compel disclosure or discovery, Fed. R. Civ. P. 37(a)(5)(A) provides that:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  "A legal position is 'substantially justified' if there is a genuine dispute as to proper resolution or if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Decision Insights, Inc. v. Sentia Group, Inc.*, 311 Fed. Appx. 586, 599 (4th Cir. 2009) (internal quotations omitted).

New York law is clear that the spousal privilege only protects *confidential* communications between a husband and wife.  N.Y. C.P.L.R. 4502(b) (McKinney 2007).[9]  The party[10] asserting

---

[9]  "A husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage."  N.Y. C.P.L.R. 4502(b) (McKinney's 2007).

[10] ARDH has argued that "the party" reference shows that T. Trabich and not her ARDH attorneys were responsible for proving that the privilege applied.  Paper No. 210 at 2.  Lawyers are responsible for advocating for their client and helping them comply with legal rules; the ARDH attorneys--not T. Trabich--

6

the privilege bears the burden of proving that it applies and must "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . [to] enable other parties to assess the claim." Fed. R. Civ. P. 25(b)(5)(A)(ii). If the privilege is asserted during a deposition but no basis is provided, "the person seeking disclosure should have reasonable latitude during the deposition to question the witness to establish other relevant information concerning the assertion of privilege." D. Md. R. App. A, Guideline 7.b.

Judge Bredar reasonably concluded that Applefeld (1) failed to establish the factual basis for a privilege claim, (2) took "an unacceptably broad position as to the scope of the spousal privilege," and (3) "improperly instructed [T. Trabich] not to answer" deposition questions. Paper No. 147 at 13; Paper No. 179 at 1-2; Paper No. 200 at 1. In T. Trabich's March 2009 deposition, she admitted that there was no basis for her earlier claims of spousal privilege, which Applefeld would have determined during her June 2008 deposition if he had appropriately elicited the basis for those assertions.[11]

---

should have known and understood the requirements imposed by Rule 26(b)(5)(a)(ii).

[11]  ARDH has alleged that T. Trabich's responses "clearly indicate[] that she understood that in order to invoke spousal

Applefeld also objected based on the marital privilege without distinguishing between confidential and non-confidential communications.[12] Instead, he took the overly broad position that "[i]f it comes from a communication with her spouse, I am going to assert spousal privilege." T. Trabich Dep. I 126:12-14. Because there is no indication that Applefeld's position on the marital privilege was "substantially justified," Judge Bredar appropriately held that Applefeld had improperly advised T. Trabich on the assertion of spousal privilege; the sanctions awarded against ARDH were appropriate.

III. Conclusion

For the reasons stated above, ARDH's objections will be overruled.

| | |
|---|---|
| February 2, 2010<br>Date | _____/s/_____<br>William D. Quarles, Jr.<br>United States District Judge |

---

privilege there had to have been a communication with her husband." Paper No. 204 at 3. On several occasions, Applefeld instructed T. Trabich to answer questions only if she could do so "without revealing any discussion" or "communication" with her husband. *See, e.g.*, T. Trabich Dep. I 13:24-14:5, 31:16-23. But T. Trabich's March 2009 deposition testimony shows that she did not understand that the privilege only applied in situations of actual communication, and Applefeld's repeated assertion of that privilege during her June 2008 deposition may well have confused her about its appropriate application.

[12]  Based on the transcript of T. Trabich's June 2008 deposition, Judge Bredar appropriately concluded that "at least half of her first deposition was spent in unmeritorious objections and arguments by Defendants' counsel." Paper No. 147 at 14.