IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| SAINT ANNES DEVELOPMENT CO., LLC, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: WDQ-07-1056 |
| NEAL TRABICH, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Saint Annes Development Company, LLC ("SADC"), and Aaron Young (collectively, the "plaintiffs") sued Neal and Terry Trabich (the "Trabiches") and Ronald and Irene Coruzzi (the "Coruzzis") for fraud and breach of contract. For the following reasons, the plaintiffs' motion to register judgment in foreign jurisdictions will be granted.

I. Background

On May 2, 2006, SADC, the Trabiches, and Coruzzis entered into an agreement under which SADC would arrange third-party financing for a Delaware golf course project (the "Agreement"). Compl. ¶¶ 1, 8.[1] On April 24, 2007, SADC and its managing member Young sued the Trabiches and Coruzzis for fraud and breach of contract arising out of the Agreement. *Id.* ¶ 1. On May 21,

---

[1] On December 21, 2006, the Trabiches violated the Agreement by mortgaging their New York home. Paper No. 225 at 18.

2008, the Court granted the plaintiffs' motion for summary judgment on their breach of contract claim. Paper No. 86.

On September 14-15, 2009, a bench trial was held on the plaintiffs' fraud claim. Paper Nos. 191-92. On August 30, 2010, the Court entered a $3,202,203.01 final judgment for the plaintiffs. Paper No. 229.

On September 16, 2010, the plaintiffs moved to register their judgment in foreign jurisdictions. Paper No. 230.[2] On September 17, 2010, the Trabiches noted that they had appealed the Court's judgments. Paper No. 231. On October 4, 2010, the Trabiches opposed the plaintiffs' motion to register judgment in foreign jurisdictions. Paper No. 234. On October 21, 2010, the plaintiffs filed their reply. Paper No. 235.

II. The Plaintiffs' Motion to Register Judgment in Foreign Jurisdictions

Under 28 U.S.C. § 1963:

> [A] judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

The plaintiffs seek to register their August 30, 2010 judgment in the United States District Court for the Eastern

---

[2] This motion applies only to the Trabiches; the Coruzzis have not appealed. Paper No. 230 at 2 n.1.

District of New York. Paper No. 230 at 2. Because the Trabiches have appealed, the plaintiffs must show "good cause." *See* 28 U.S.C. § 1963; Paper No. 231.

The good cause requirement prevents debtors from "frustrating potential enforcement" of the judgment by removing property from the foreign district during an appeal. 28 U.S.C. § 1963 *Commentary on 1988 Revision*.

There is good cause when the judgment debtor (1) has not filed a supersedeas bond, and (2) has substantial assets in the foreign district and insufficient assets in the rendering district.[3] The Court also considers the risk that the judgment debtor might conceal or transfer assets in the foreign district.[4]

The plaintiffs contend that there is good cause because: (1) the Trabiches' only substantial asset according to a November 2007 financial statement is their New York home; (2) they have no Maryland assets; (3) they have neither posted nor offered a supersedeas bond; (4) they delayed proceedings while

---

[3] *See, e.g., Henkels & McCoy, Inc. v. Adochio*, No. Civ. A. 94-3958, 1997 WL 535899, at *2 (E.D. Pa. July 31, 1997) (finding good cause because defendants had not posted a supersedeas bond and had no assets in the rendering district). A debtor's residence is a substantial asset. *See Travelers Indem. Co. v. Engel*, 81 F.3d 711, 712-13 (7th Cir. 1996) (creditor's § 1963 motion in Pennsylvania to register judgment in Illinois required debtor to sell Illinois residence).

[4] *See Chi. Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991) (finding good cause because defendant refused to post a supersedeas bond and plaintiff feared he would hide property).

their net worth declined from $15 million in September 2006 to less than $1 million; and (5) they violated the Agreement by mortgaging their New York home and "intentionally putting assets out of plaintiffs' reach." Paper No. 230 at 1, 3-4; Paper No. 235 at 2. The plaintiffs assert that the Trabiches are "block[ing them] from attempting to collect on [the] judgment before all . . . assets are depleted." *Id.* at 4.

The Trabiches respond that (1) the financial statement on which plaintiffs rely is three years old and was executed before Mr. Trabich's incarceration and unemployment; and (2) their New York home is not a "substantial asset" because it is encumbered and in foreclosure. Paper No. 234 at 2-3, Ex. 1 at 1-6.

The plaintiffs have shown good cause to register the August 30, 2010 judgment in New York. The Trabiches (1) have not indicated that they will post a supersedeas bond; (2) have no Maryland property; and (3) own a substantial asset in New York. *See Engel*, 81 F.3d at 712-13; *Henkels*, 1997 WL 535899, at *2. The Trabiches' defenses have no apparent legal basis, and they have not addressed the plaintiffs' concern that the judgment will be uncollectable.[5] Also, the Trabiches have not rebutted

---

[5] *See Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (good cause shown because defendant offered "no assurances that it [would] pay the [judgment]" or a bond).

4

the plaintiffs' reasonable fear that the Trabiches will transfer or conceal assets.[6]

After "win[ning on summary judgment and] at trial," the plaintiffs are entitled to the "opportunity to satisfy the judgment." 28 U.S.C. § 1963 *Commentary on 1988 Revision*. If the judgment is reversed on appeal, "it can be removed of record" in Maryland and New York. *Id.* Because the plaintiffs have shown good cause, the Court will grant their motion to register judgment in foreign jurisdictions.

III. Conclusion

For the reasons stated above, the plaintiffs' motion to register their judgment in foreign jurisdictions will be granted.

| | |
|---|---|
| October 28, 2010 | /s/ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |

---

[6] The Court has previously questioned the Trabiches' financial trustworthiness. *See* Paper No. 123 at 9 (the Trabiches' execution of a mortgage in violation of the Agreement "cast doubt on whether the [plaintiffs would] be able to recover their damages"); Paper No. 255 at 25 (the Trabiches' "financial records show[ed] frequent and poorly documented exchanges of money among various businesses and individuals").

5